# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISBETH KARPMAN and DAVID KARPMAN, <br><br>                    Plaintiffs, <br><br> v. <br><br> FIELDHOUSE JONES CHICAGO, JOHN DOES 1-10 (fictitious persons whose names are presently unknown), AND ABC and XYZ Companies (fictitious entities presently unknown), <br><br>                    Defendant. | Case No. <br><br> Jury Trial:    __X__ Yes    ____ No |

## COMPLAINT FOR A CIVIL CASE

**I.    Parties in this complaint:**

Plaintiff       Name                    Lisbeth Karpman
                Street Address          138 Orben Drive
                County, City            Morris, Landing
                State & Zip Code        New Jersey 07850

                Name                    David Karpman
                Street Address          138 Orben Drive
                County, City            Morris, Landing
                State & Zip Code        New Jersey 07850

Defendant       Name                    FieldHouse Jones Chicago
                Street Address          312 W. Chestnut Street
                County, City            Cook, Chicago
                State & Zip Code        Illinois 60610

**II.     Basis for Jurisdiction:**

The basis for jurisdiction in this Court is Diversity of Citizenship under 28 U.S.C. § 1332, as Plaintiff is a citizen of the State of New Jersey and Defendant is a citizen of the State of Illinois and the damages amount to more than $75,000.

**III.    Statement of Claim:**

Plaintiffs, Lisbeth Karpman and David Karman, by way of Complaint against the above-named Defendant, says:

### FIRST COUNT

1. On or about June 17, 2019, and all times relevant to this action, FieldHouse Jones Chicago (hereinafter referred to as "FieldHouse Jones") and John Does 1-10 (fictitious persons whose names are presently unknown), ABC and XYZ Companies (fictitious entities presently unknown),were the owners of the property located at 312 W. Chestnut Street, Chicago, Illinois ("premises").

2. As owners and operators of the property of the premises, said defendants, had a non-delegable duty to keep the premises safe and free from hazardous conditions, and otherwise protect persons lawfully on the premises from physical harm.

3. On or about June 17, 2019, and at all times relevant to this action, the Defendants, FieldHouse Jones and John Does 1-10 (fictitious persons whose names are presently unknown), ABC and XYZ Companies (fictitious entities presently unknown),were responsible for the design, construction, installation of bunk beds for use by patrons, as well as the repair and maintenance of the premises and for otherwise keeping the premises free from defects and dangerous conditions.

4. On or about June 17, 2019, and at all times relevant to this action, the Defendants, FieldHouse Jones and John Does 1-10 (fictitious persons whose names are presently unknown), ABC and XYZ Companies (fictitious entities presently unknown),were in possession and control

of the premises and were responsible for the design, construction and installation of bunk beds for use by patrons as well as the repair and maintenance of the premises and to otherwise keep the premises free from defects and safe for its intended use.

5. On or about June 17, 2019, the Plaintiff, Lisbeth Karpman, was lawfully on the premises, as she was an invited guest at Defendant, FieldHouse Jones, John Does 1-10 (fictitious persons whose names are presently unknown), and ABC and XYZ Companies (fictitious entities presently unknown).

6. On or about June 17, 2019, and at all times relevant to this action, the Defendants, FieldHouse Jones and John Does 1-10 (fictitious persons whose names are presently unknown), ABC and XYZ Companies (fictitious entities presently unknown), negligently, recklessly and wantonly failed to adequately maintain the premises and keep it free from defects, and allowed a defective and dangerous condition to exist on the premises, namely a bunkbed that was unsafe for use by invited guests, and failed to provide adequate warnings, safeguards or otherwise take simple, but necessary, precautions to protect against this hazardous condition.

7. As a direct and proximate result of the negligence of the aforesaid defendants, the Plaintiff, Lisbeth Karpman, fell while descending the bunkbed, with force and violence and sustained severe and permanent injuries, suffered pain and shock to her nervous system, has incurred and will continue to incur expenses in connection with hospital, medical and other care, and has otherwise sustained damages as a consequence thereof.

WHEREFORE, the Plaintiff, Lisbeth Karpman, demands judgment in the sum of $650,000 against Defendants, FieldHouse Jones and John Does 1-10 (fictitious persons whose names are presently unknown), ABC and XYZ Companies (fictitious entities presently unknown), jointly and severally for damages, interest and costs of suit.

## SECOND COUNT

8. Plaintiffs repeat and reiterate each and every allegation contained in the First Count of this Complaint as if the same were set forth at length herein.

9. Plaintiff, David Karpman, is the husband of the plaintiff Lisbeth Karpman and is lawfully entitled to her services.

10. As a result of the negligence of the defendants aforesaid, the plaintiff, David Karpman, has been damaged in that he has been deprived of the services of Lisbeth Karpman and has expended money for medical treatments rendered to Lisbeth Karpman and has otherwise been damaged.

**WHEREFORE**, the plaintiff, David Karpman, demands judgment on the Second Count against the defendants, FieldHouse Jones, John Does 1-10 (fictitious persons whose names are presently unknown), and ABC and XYZ Companies (fictitious entities presently unknown).

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

          Respectfully submitted,

          VENTURA, MIESOWITZ, KEOUGH &
           WARNER, P.C.
          *Counsel for Plaintiffs*
          783 Springfield Avenue
          Summit, New Jersey 07901
          Telephone:  (908) 277-2410
          Fax:          (908) 277-1374

          By: _____
              MARIA BLANCATO
              New Jersey Bar No. 015231989
              Email: mblancato@summitlawyers.net

Dated:  January 4, 2021

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 4th day of January, 2021 by using the CM/ECF system; and via First Class U.S. Mail to: FIELDHOUSE JONES CHICAGO, 312 W. Chestnut Street, Chicago, Illinois 60610.

                        _____
                            MARIA BLANCATO

5